The defendant was indicted under the following bill of indictment:
"The jurors for the State, upon their oaths, present that David Isley on 1 June, A.D. 1912, did willfully and unlawfully and with intent to cheat and defraud J. A. Ellis obtain certain advances in money, fertilizers, corn, flour, provisions, goods, wares, and merchandise from said J. A. Ellis, upon and by color of a certain promise and agreement that the said David Isley would begin work and labor for said J. A. Ellis, from whom said David Isley obtained said money, goods, provisions, merchandise, etc., and the said David Isley, making said promise and agreement, did unlawfully and willfully fail to commence and complete said work as aforesaid according to contract, without a lawful excuse, contrary to the form of the statute in such case made and provided."
The defendant entered the plea of not guilty, and on the trial the following evidence was introduced:
J. A. Ellis, witness for the State, testified that defendant was his tenant; that he let defendant have certain advances in merchandise, etc., upon defendant's promise to pay for same in work; that defendant failed to do said work, and when witness asked him why he did not come and do the work, defendant said that he had to get some shoes for his children.
State rested, and the defendant demurred to the evidence and moved to dismiss under the act of 1913. Motion overruled; defendant (492) excepted.
There was a verdict of guilty, and from the judgment pronounced, the defendant appealed.
The decision of this appeal is controlled by S. v. Griffin, 154 N.C. 611, in which the statute under which the defendant is indicted was fully discussed in an elaborate and learned opinion by Associate Justice Brown, and upon the authority of that case the judgment is reversed, with directions to dismiss the action under chapter 73, Public Laws 1913.
Reversed.